### JOHN SPENCER *versus* JOSEPH EUSTIS.

Desertion of the vessel during the continuance of the contract, *animo non revertendi*, and without sufficient cause, connected with a continued abandonment, works a forfeiture of seamen's wages by the maritime law.

But when a statute desertion is interposed as a forfeiture of wages, there must be a performance of the duty required by the act of Congress, by making the proper entry on the logbook.

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

Assumpsit for wages as a seaman.   The plaintiff introduced proof, that he performed duty on board the schooner Palestine, of which the defendant was master, from Feb. 6, 1837, for the term of two months and a quarter, in the capacity of cook and steward.   The defendant produced the shipping papers, from which it appeared, that the plantiff had shipped on Feb. 6, 1837, as cook and steward, " bound from the port of Frankfort, Maine, on freighting business for the term of four months." He proved that the plaintiff left the Palestine about the middle of April, 1837, without the leave of the master or mate, and never afterwards returned.   The plaintiff then offered Atkins one of the seamen, to prove, " that the defendant had represented to him that the voyage was different from that described in the shipping papers."   To the admission of this evidence the counsel for the defendant objected, but the Judge overruled the objection, and the testimony was admitted.   The counsel for the defendant requested the Judge to instruct the jury, that by the marine law, if the plaintiff deserted the vessel before the expiration of the term for which he had engaged, he forfeited his wages.   The Judge declined to give this instruction, and instructed the jury, that since the act of Congress of 1790, c. 29, proof of an entry on the logbook according to said act was necessary to create a forfeiture of wages.

The jury returned a verdict for the plaintiff, and the defendant filed exceptions.

*Abbott*, for the defendant, said that the evidence objected

to was inadmissible. It by no means follows, that what was said to one seaman, was said to every one.

The Judge should have charged the jury as requested. Desertion from the ship, without returning again, is a forfeiture of wages. This is the 'settled principle of the marine law. The statute of the United States of 1790, c. 56, does not touch the present case, where the seaman deserted before his time expired, and did not return to the vessel. Abbott on Shipping, Story's Ed. 463, 468, and notes; *Cloutman* v. *Tunison*, 1 Sumn. 373; 1 Pet. Adm. R. 212; Ware, 309, 447; *Webb* v. *Duckingfield*, 13 Johns. R. 390. The result would be the same at common law. *Stark* v. *Parker*, 2 Pick. 267. The Judge therefore erred in omitting to give the instruction requested, and in giving the one actually given.

*Robinson*, for the plaintiff, understood the word *him*, in the exceptions, as applicable to the defendant and not to the witness; and said, that the evidence was admissible, as showing a fraudulent misrepresentation by the defendant. All contracts with seamen are to be construed favorably to the seamen. 1 Story's Eq. 325, 326; *Brown* v. *Lull*, 2 Sumn. 449.

Here was no entry of any desertion on the logbook, and no protest made. The entry on the logbook is necessary to prove desertion. This is made the only evidence of it by the act of Congress of 1790. And so are the decisions on the subject. 1 Pet. Adm. Dec. 139; Gilpin's R. 144, 207, 225; Abbott on Shipping, 468, and note, and cases cited.

The opinion of the Court was by

SHEPLEY J. — Desertion of the vessel during the continuance of the contract, *animo non revertendi*, and without sufficient cause, connected with a continued abandonment, works a forfeiture of seamen's wages by the maritime law. But when a statute desertion is interposed as a forfeiture of wages, there must be a performance of the duty required by the act of Congress by making the proper entry in the logbook. *Limland* v. *Stephens*, 3 Esp. R. 269. *Cloutman* v. *Tunison*, 1 Sum.

373.  *The Rovena,* Ware, 309.  *Magee* v. *The Moss,* Gilp. 219.

In this case the seaman shipped for the term of four months and deserted, when the term had but little more than half expired; and did not return, or offer to do so.  And for this he offers no excuse.  This brings him within the first class of cases; and his wages earned before the desertion are by the maritime law forfeited.

*Exceptions sustained, and*

*new trial granted.*